IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF | § | |
|     TDCJ-CID #582855 | § | |
| v. | § | C.A. NO. C-12-043 |
| | § | |
| RICK THALER, ET AL. | § | |

## OPINION AND ORDER SEVERING AND TRANSFERRING CLAIMS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. He is being held at the Texas Department of Criminal Justice, Correctional Institutions Division's McConnell Unit, which is located in Beeville, Texas.

In the civil complaint, plaintiff alleges that he was subjected to deliberate indifference because he was denied adequate medical care. (D.E. 1). He names 37 different defendants, including Dr. Nguyen, Dr. Nima, Dr. Tirgan, and Dr. Balel Baker who all provide medical care for Correctional Managed Care at the University of Texas Medical Branch at Hospital Galveston, in Galveston, Texas.

Plaintiff alleges that on September 23, 2011, he was seen by Dr. Nguyen at Hospital Galveston. She noted that it was plaintiff's eyelid, and not his eye, that was infected, and sent him back to the McConnell Unit.

On October 6, 2011, plaintiff returned to Hospital Galveston where he was treated by Dr. Nguyen and Dr. Nima, and had "surgery" on his infected eyelid. He returned to the McConnell Unit on October 7, 2011. On October 23, 2011, plaintiff again returned to Hospital Galveston where he was seen by Dr. Tirgan and Dr. Baker. He complained about his eye; however, Dr. Tirgan mentioned that he was more concerned about plaintiff's high blood pressure, and refused

to examine plaintiff's eye.  Dr. Tirgan ordered that plaintiff's blood pressure be monitored twice a day for one week; however, his blood pressure was taken only once a day during that time.  Dr. Baker could see that plaintiff's eye was "draining", but he failed to render any medical treatment.[1]

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b); see also Newton v. Stringfellow, 93 F. App'x 615, 617 (5th Cir. 2004) (per curiam) (unpublished) ("the events or omissions giving rise to the severed claims occurred in another venue").  In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a); Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998) (per curiam).

In this case, defendants Nguyen, Nima, Tirgan, and Baker are doctors who work in Galveston County, Texas.  (D.E. 1).  Galveston County lies within the Galveston Division of the Southern District of Texas.  28 U.S.C. § 124(b)(1).  Rule 21 of the Federal Rules of Civil Procedure allows trial courts to sever claims.  See Fed. R. Civ. P. 21; see also Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994) ("trial court has broad discretion to sever issues").  "Severance under Rule 21 created two separate actions or suits where previously there was but one."  United States v. O'Neil, 708 F.2d 361, 368 (5th Cir. 1983).  Here, severance of

---

[1] Plaintiff testified that since September 23, 2011, he has been to Hospital Galveston at least four times.

these defendants would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

Accordingly, it is ordered that the Clerk of the Court TRANSFER plaintiff's claims against defendants Nguyen, Nima, Tirgan, and Baker to the United States District Court for the Southern District of Texas, Galveston Division.

ORDERED this 27th day of April 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE