IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHESTER LOWE HUFF § | |
|     TDCJ-CID #582855 § | C.A. NO. C-12-043 |
| v. § | |
| § | (Consolidated with C.A. NO. C-12-067) |
| RICK THALER, ET AL. § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for a transcript at government expense. (D.E. 27).

This Court may order the preparation of a transcript, if it is deemed that such transcript is necessary. 28 U.S.C. § 1915(c). However, federal law dictates that "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)). On March 5, 2012, a Spears hearing was held.[1] In Norton, the Fifth Circuit determined that prisoners proceeding in forma pauperis are not necessarily entitled to the transcripts of their Spears hearings. See id.

Plaintiff was present for the March 5, 2012 telephonic hearing. He has failed to specify how the transcript is necessary to effectively litigate his claims. He may seek a copy of the

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

transcript from the Fifth Circuit, which will invariably order one if that court determines it is necessary.

Accordingly, plaintiff's motion for a transcript at government expense, (D.E. 27), is DENIED.

ORDERED this 19th day of June 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE